IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| HEALTHCARE SERVICES GROUP, INC.<br>    Plaintiff,<br>v.<br><br>HIDDEN LAKE MANAGEMENT, LLC,<br>Reg. Agt: Emily Baxter<br>477 N. Lindbergh, Ste 310<br>St. Louis, MO 63141<br><br>and<br><br>BERTHOLD NURSING CENTER, INC.<br>Reg. Agt: Clifton L. Shirrell<br>731 North Main Street<br>Sikeston, MO 63801<br>    Defendants. | Case No. |

## **COMPLAINT**

Plaintiff, by and through their attorneys of record, state as follows for their Complaint against Defendants:

### Allegations Common to All Counts

1. Plaintiff, Healthcare Services Group, Inc. ("HCSG"), is a Pennsylvania corporation with its principal place of business located at 3220 Tillman Drive, Suite 300, Bensalem, Bucks County, Pennsylvania 19020.

2. Defendant, Hidden Lake Management, LLC ("Hidden Lake"), is a Missouri limited liability company organized under the laws of the State of Missouri under Charter No. LC1213588 with a principal place of business at 11400 Hidden Lake Drive, Kansas City, Missouri 64133. At all relevant times, Hidden Lake operated a residential health facility at the above address (the "Hidden Lake Facility"). The

1

members of Hidden Lake are Judah Bienstock ("Bienstock") and Benjamin Landa ("Landa"). Bienstock is a resident of Missouri. Landa is a resident of New York.

3. Defendant, Berthold Nursing Center, Inc. ("Berthold") is a Missouri corporation with a last known address at 6637 Berthold Avenue, St. Louis, Missouri 63139. At all relevant times, Berthold operated a residential health facility at the above address (the "Berthold Facility").

4. The contracts that are the subject of this Complaint were entered into by the parties in the State of Missouri. There exists complete diversity between Plaintiff and all Defendants. The amount in controversy is in excess of $75,000.00.

5. Defendants are affiliated with one another through common ownership and/or management. The ownership interests of each of the Defendants are held by Bienstock and Landa.

6. Midwest Geriatric Management, LLC ("Midwest") is a Missouri limited liability company owned by Bienstock and Landa and which has a management agreement with each of the Defendants and handles the management functions for each Defendant.

7. The contracts that are the subject of this Complaint were negotiated through Midwest.

8. Bienstock, a common owner of both Defendants and of Midwest, executed all of the contracts on behalf of the Defendants that are the subject of this litigation.

9. The contracts that are the subject of this Complaint have substantially the same terms, were for the same type of services, and were negotiated between HCSG and Midwest (on behalf of the Defendants) collectively and concurrently.

# COUNT I
# BREACH OF CONTRACT
# HOUSEKEEPING SERVICES AGREEMENT
# HCSG V. HIDDEN LAKE

10. HCSG incorporates by reference paragraphs 1 through 9 above as if set forth fully herein.

11. On December 31, 2012, authorized representatives of HCSG and Hidden Lake signed a Housekeeping/Laundry Service Agreement effective December 15, 2012 ("Hidden Lake Housekeeping Agreement"). A true and correct copy of the Hidden Lake Housekeeping Agreement is attached as Exhibit A.

12. Pursuant to the Hidden Lake Housekeeping Agreement, and in consideration for HCSG providing all personnel and materials necessary to perform housekeeping services at the Hidden Lake Facility, Hidden Lake was required to pay HCSG $36,666.67 per month within the time specified in the agreement.

13. HCSG provided the personnel and services required by the agreement and fully performed its obligations in compliance with the terms of the Hidden Lake Housekeeping Agreement. At all times, Hidden Lake accepted those services without reservation or complaint.

14. Hidden Lake failed to pay HCSG for all of the services rendered by HCSG to Hidden Lake pursuant to the Hidden Lake Housekeeping Agreement.

15. After notice and failure of Hidden Lake to cure its default, HCSG ceased providing services to Hidden Lake under to the Hidden Lake Housekeeping Agreement on March 1, 2017.

16. As a direct and proximate result of Hidden Lake's breach of the Hidden Lake Housekeeping Agreement, HCSG has been damaged.

17. After giving credit for all payments and setoffs due Hidden Lake, the total past due indebtedness owed by Hidden Lake to HCSG pursuant to the Hidden Lake Housekeeping Agreement is $409,555.65.

WHEREFORE, Plaintiff, Healthcare Services Group, Inc., requests that judgment be entered in its favor on Count I against Defendant Hidden Lake Management, LLC, in the amount of $409,555.65; for prejudgment and post judgment interest allowed by law; for costs of this action; and for such other relief as is just.

## COUNT II
## BREACH OF CONTRACT
## DIETARY SERVICES AGREEMENT
## HCSG V. HIDDEN LAKE

18. HCSG incorporates by reference paragraphs 1 through 17 above as if set forth fully herein, except those allegations inconsistent with this Count II.

19. On December 31, 2012, authorized representatives of HCSG and Hidden Lake signed a Dietary Department Services Agreement effective January 15, 2013 ("Hidden Lake Dietary Agreement"). A true and correct copy of the Hidden Lake Dietary Agreement is attached as Exhibit B.

20. Pursuant to the Hidden Lake Dietary Agreement, and in consideration for HCSG providing dietary and other services at the Hidden Lake Facility, Hidden Lake was required to pay HCSG $74,166.66 per month within the time specified in the agreement.

21. HCSG provided the services required by the agreement and fully performed its obligations in compliance with the terms of the Hidden Lake Dietary Agreement. At all times, Hidden Lake accepted those services without reservation or complaint.

22. Hidden Lake failed to pay HCSG for all of the services rendered by HCSG to Hidden Lake pursuant to the Hidden Lake Dietary Agreement.

23. After notice and failure of Hidden Lake to cure its default, HCSG ceased providing services to Hidden Lake under to the Hidden Lake Dietary Agreement on March 1, 2017.

4

Case 4:18-cv-00007-GAF   Document 1   Filed 01/04/18   Page 4 of 8

24. As a direct and proximate result of Hidden Lake's breach of the Hidden Lake Dietary Agreement, HCSG has been damaged.

25. After giving credit for all payments and setoffs due Hidden Lake, the total past due indebtedness owed by Hidden Lake to HCSG pursuant to the Hidden Lake Dietary Agreement is $685,185.66.

26. Pursuant to the Hidden Lake Dietary Agreement HCSG is entitled to its reasonable attorney fees and costs incurred to enforce the agreement.

WHEREFORE, Plaintiff, Healthcare Services Group, Inc., requests that judgment be entered in its favor on Count II against Defendant Hidden Lake Management, LLC, in the amount of $685,185.66; for prejudgment and post judgment interest allowed by law; for reasonable attorney fees and costs pursuant to the Agreement; for costs of this action; and for such other relief as is just.

## COUNT III
## BREACH OF CONTRACT
## HOUSEKEEPING AGREEMENT
## HCSG V. BERTHOLD

27. HCSG incorporates by reference paragraphs 1 through 26 above as if set forth fully herein, except those allegations inconsistent with this Count III.

28. On March 15, 2014, authorized representatives of HCSG and Berthold signed a Housekeeping/Laundry Service Agreement effective March 15, 2014 ("Berthold Housekeeping Agreement"). A true and correct copy of the Berthold Housekeeping Agreement is attached as Exhibit C.

29. Pursuant to the Berthold Housekeeping Agreement, and in consideration for HCSG providing all personnel and materials necessary to perform housekeeping services at the Berthold Facility, Berthold was required to pay HCSG $18,276.00 per month within the time specified in the agreement.

5

30. HCSG provided the personnel and services required by the agreement and fully performed its obligations in compliance with the terms of the Berthold Housekeeping Agreement. At all times, Berthold accepted those services without reservation or complaint.

31. Berthold failed to pay HCSG for all of the services rendered by HCSG to Berthold pursuant to the Berthold Housekeeping Agreement.

32. After notice and failure of Berthold to cure its default, HCSG ceased providing services to Berthold under to the Berthold Housekeeping Agreement on March 1, 2017.

33. As a direct and proximate result of Berthold's breach of the Berthold Housekeeping Agreement, HCSG has been damaged.

34. After giving credit for all payments and setoffs due Berthold, the total past due indebtedness owed by Berthold to HCSG pursuant to the Berthold Housekeeping Agreement was $63,114.51.

WHEREFORE, Plaintiff, Healthcare Services Group, Inc., requests that judgment be entered in its favor on Count III against Defendant Berthold Nursing Center, LLC, in the amount of $63,114.51; for prejudgment and post judgment interest allowed by law; for costs of this action; and for such other relief as is just.

## COUNT IV
## UNJUST ENRICHMENT
## HCSG V. HIDDEN LAKE

35. HCSG incorporates by reference paragraphs 1 through 34 above as if set forth fully herein, except those allegations inconsistent with this Count IV.

36. HCSG provided housekeeping, dietary, and other services to Hidden Lake at its request and in good faith.

37. Hidden Lake accepted and benefitted from HCSG's services without reservation or complaint and knew that HCSG expected to be paid for such services.

38. Hidden Lake failed to pay HCSG for the services which had a reasonable value of $1,094,741.31.

39. Retention of the benefit of HSCG's services without payment of the reasonable cost for such services would be inequitable.

40. If Hidden Lake fails to pay the reasonable value of the services, they will be unjustly enriched.

41. If HCSG cannot proceed against Hidden Lake on its claims for breach of contract, then HCSG would have no adequate remedy at law.

WHEREFORE, Plaintiff, Healthcare Services Group, Inc. requests judgment in its favor on Count IV and against Defendants, Hidden Lake Management, LLC, for $1,094,741.31 which is the reasonable value of the housekeeping, dietary, and other services provided by HCSG to Hidden Lake for which HCSG was not paid; for prejudgment and post judgment interest allowed by law; for costs of this action; and for such other relief as is just.

### COUNT V
### UNJUST ENRICHMENT
### HCSG V. BERTHOLD

42. HCSG incorporates by reference paragraphs 1 through 41 above as if set forth fully herein, except those allegations inconsistent with this Count V.

43. HCSG provided housekeeping and other services to Berthold at its request and in good faith.

44. Berthold accepted and benefitted from HCSG's services without reservation or complaint and knew that HCSG expected to be paid for such services.

45. Berthold failed to pay HCSG for the services which had a reasonable value of $63,114.51.

46. Retention of the benefit of HSCG's services without payment of the reasonable cost for such services would be inequitable.

47. If Berthold fails to pay the reasonable value of the services, they will be unjustly enriched.

48. If HCSG cannot proceed against Berthold on its claim for breach of contract, then HCSG would have no adequate remedy at law.

WHEREFORE, Plaintiff, Healthcare Services Group, Inc. requests judgment in its favor on Count IV and against Defendant, Berthold Nursing Center, LLC, for $63,114.51 which is the reasonable value of the housekeeping and other services provided by HCSG to Berthold for which HCSG was not paid; for prejudgment and post judgment interest allowed by law; for costs of this action; and for such other relief as is just.

Respectfully submitted:

Krigel & Krigel, P.C.

By: */s/ Paul K. Hentzen*
Paul K. Hentzen     MO #50754
4520 Main, Ste 700
Kansas City, MO 64111
PH:    (816) 756-5800
FAX:  (816) 756-1999
E-MAIL: phentzen@krigelandkrigel.com
ATTORNEY FOR PLAINTIFF

8
Case 4:18-cv-00007-GAF   Document 1   Filed 01/04/18   Page 8 of 8